# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| DELCHON WEATHERSPOON, | ) |
| Petitioner, | ) |
|  | ) Case No. |
| v. | ) |
| SHERIFF BILL OLDHAM, Shelby County Sheriff's Office, | ) |
| Respondent. | ) |

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

### Introduction

1. Respondent Sheriff Bill Oldham is holding Petitioner Delchon Weatherspoon in the Shelby County Jail in violation of the Constitution of the United States.

2. Mr. Weatherspoon has not been convicted of a crime. He is presumed innocent, and the Constitution permits the State to detain him only to reasonably assure his presence at trial and to protect the public from an immitigable and serious risk of harm, and only upon procedurally rigorous findings that he poses a risk of flight or serious risk of harm.

3. No court has so found.

4. But the Criminal Court of Tennessee nonetheless ordered him detained. The court set a secured money bail amount of $200,000 while accepting the State's concession that Mr. Weatherspoon could pay at most $500.

5. Petitioner respectfully requests that this Court issue a writ of habeas corpus ordering his release or, in the alternative, ordering the State to seek a thorough adversarial hearing that complies with the requirements for preventive detention described by the United States

Supreme Court, which include making findings about whether he is a danger to the community and, if so, whether conditions of release exist that could reasonably assure Mr. Weatherspoon's presence at trial and the safety of the community.

### Custody

6. Mr. Weatherspoon is currently held in a Shelby County, Tennessee, jail cell.

7. Mr. Weatherspoon is in the physical custody of Respondent Sheriff Bill Oldham, who administers the Shelby County Jail ("Jail"), and is the legal custodian of all Jail inmates. *See Anderson v. Oldham*, No. 15-2367-SHM-DKV, 2016 WL 1369590, at *1 n.1 (W.D. Tenn. Apr. 6, 2016). Mr. Weatherspoon is under the direct physical control of Respondent.

### Jurisdiction

8. The Court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section Nine, Clause Two of the United States Constitution, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Mr. Weatherspoon is in custody, without a criminal judgment, "in violation of the Constitution . . . of the United States." 28 U.S.C. § 2241(c)(3).

### Exhaustion

9. Mr. Weatherspoon appealed the denial of his motion for pretrial release (via Tennessee's procedure for writs of certiorari) to the Tennessee Court of Criminal Appeals (Exhibit B, Court of Appeals Opinion), and then to the Supreme Court of Tennessee (Exhibit C, Weatherspoon Supreme Court Motion). That court denied his petition, without explanation, on June 8, 2017. (Exhibit D, Tennessee Supreme Court Order.) Mr. Weatherspoon has exhausted state remedies.

## Venue

10. Venue is proper in this district and division because Mr. Weatherspoon is currently in custody in this district and division. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–500 (1973).

## Parties

11. Petitioner Delchon Weatherspoon is a resident of Memphis, Tennessee. He is 28 years old.

12. Respondent Sheriff Bill Oldham is the Sheriff of Shelby County, Tennessee. He has custody over Mr. Weatherspoon.

## Factual Allegations

13. Mr. Weatherspoon was arrested in Memphis on January 1, 2017, and charged with attempted murder.

14. The General Sessions Court, which is not a court of record, set a money bail amount of $200,000 when Mr. Weatherspoon was arrested.

15. Mr. Weatherspoon moved the General Sessions Court to reduce the money bail amount, arguing that he was unconstitutionally detained solely because he was unable to make a monetary payment.

16. The General Sessions Court denied the motion.

17. Mr. Weatherspoon petitioned for a writ of certiorari to the Tennessee Criminal Court. *See, e.g.*, Tenn. Code Ann. § 40-4-411 (describing writs of certiorari to the General Sessions Court). This is the established mechanism for appealing adverse bail determinations in the General Sessions Court. Review in the Criminal Court is de novo.

18. The Criminal Court held a hearing on Mr. Weatherspoon's petition on March 22, 2017. (Exhibit A, Transcript of Criminal Court Hearing.)

19. At the hearing, counsel for Mr. Weatherspoon argued that he had no prior criminal record (*id.* at 19), that he had lasting ties to his community in Memphis (*id.* at 18–19), that he had served in the military (*id.* at 19), and that he was employed (*id.* at 18).

20. The State presented no evidence that Mr. Weatherspoon was at risk of fleeing before trial. (*See generally id.*)

21. The State presented no evidence that Mr. Weatherspoon had a criminal record. (*See generally id.*)

22. The State introduced only the testimony of a police officer who described the facts of the alleged offense. (*Id.* at 8–17.)

23. Evidence regarding the facts of the alleged offense is not, under Tennessee law, among the factors to be considered when assessing dangerousness in the pretrial context. *See* Tenn. Code Ann. 40-11-118(b)(7) (listing among factors to consider in setting bail "[t]he defendant's prior criminal record and the likelihood that *because of that record* the defendant will pose a risk of danger to the community" (emphasis added)).

24. The court found as follows:

> THE COURT: Okay. I have considered the factors outlined in TCA 40-11-118 which include the defendant's length of residency in this community. I've considered his employment status, family ties, his lack of prior criminal record. I've considered the nature of the offense and the apparent probability of the conviction and the likely sentence. The nature of the offense is a very violent offense. The apparent probability of conviction apparently is great and if he is convicted of murder first–criminal attempt murder first, he's looking at serving 15 to 60 years in the State Penitentiary, a very significant sentence. In light of the serious nature of this offense, the injuries to the victim, I think the bond that's set is appropriate $200,000. He's not being incarcerated because he's poor. He's being incarcerated because the community has to be protected from any potential violence such as this. So your motion to reduce the bond is denied.

(*Id.* at 27.)

25.     If Mr. Weatherspoon could pay to secure a $200,000 bond, he would walk out of the jail.

26.     Given prevailing practices in the bail-bond industry, he could be released if he could afford between 1% and 10% of that amount up front.

27.     The criminal court did not find that Petitioner was a flight risk.

28.     The criminal court did not find that releasing Mr. Weatherspoon posed an immitigable risk to the community.

29.     Instead, the court ordered Mr. Weatherspoon detained—by ordering him to pay a sum of money for release that the court knew he could not pay—because of the allegations against him, namely "any potential violence such as this." (*Id.*)

30.     The court did not consider whether any other alternative conditions or combinations of conditions (such as home detention and electronic monitoring or other forms of pretrial supervision) could reasonably serve the State's interests.

## Claim for Relief

31.     The Equal Protection and Due Process Clauses forbid the state to jail someone simply because he has not paid a sum of money without making a finding that he is able to pay it. In *Bearden v. Georgia,* 461 U.S. 660, 672–73 (1983), the Supreme Court explained that to "deprive [a convicted defendant] of his conditional freedom simply because, through no fault of his own he cannot pay [a] fine . . . would be contrary to the fundamental fairness required by the Fourteenth Amendment." The principles that forbid jailing a *convicted* defendant because he is unable to make a payment apply with even greater force to an arrestee who is presumed innocent. *See Pugh v. Rainwater*, 557 F.2d 1189, 1190 (5th Cir. 1977) (striking down the use of secured money bail

without inquiry into ability to pay because it invidiously discriminates against the poor); *ODonnell v. Harris Cty., Texas*, 2017 WL 1735456, at *2 (S.D. Tex. Apr. 28, 2017) (same).

33. The Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids the state to detain someone pretrial unless it complies with exacting substantive and procedural requirements. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739 (1987). Substantively, the state may detain someone pretrial only if that detention is necessary to forward a compelling state interest and is no more intrusive on the detainee's liberty than necessary to forward that interest. *Id.* at 749 (describing the "substantive due process" restrictions on pretrial detention). Procedurally, the state must provide sufficient safeguards to allow the detainee to vindicate his substantive rights. These include, at least, a requirement that the court find that the detainee poses a risk of flight or danger to the community, that the court find that no condition or combination of conditions could adequately mitigate any potential risks, and that the court explain the basis for those findings on the record.

33. Because no court has made a procedurally compliant finding that Mr. Weatherspoon poses any risk of flight or legitimate danger to the community, and because the court did not find that Mr. Weatherspoon was able to pay the money bail amount required in his case, Respondent has custody over him in violation of the Constitution of the United States.

**Prayer for Relief**

WHEREFORE,

- Petitioner respectfully requests that this Court enter a writ of habeas corpus ordering his release or, in the alternative, ordering the State to seek a thorough adversarial hearing that complies with the requirements for preventive detention described by the United States Supreme Court, which include making findings about whether he is a danger to the community and, if so, whether conditions of release exist that could reasonably assure Mr. Weatherspoon's presence at trial and the safety of the community.

**Verification**

I, Charles Gerstein, represent Delchon Weatherspoon, and I hereby verify the foregoing allegations on his behalf pursuant to 28 U.S.C. § 2242.

/s/ *Charles Gerstein*
Charles Gerstein (*pro hac vice* application forthcoming)
(DC Bar No. 1033346)
Premal Dharia (*pro hac vice* application forthcoming)
(DC Bar No. 484091)
Civil Rights Corps
910 17th Street NW, Suite 500
Washington, DC 20006
charlie@civilrightscorps.org
premal@civilrightscorps.org
(202) 670-4809

/s/ *Amir Ali*
Amir Ali
Roderick & Solange MacArthur Justice Center
718 7th Street NW
Washington, DC 20001
Amir.ali@macarthurjustice.org
(202) 869-3434

/s/ *Emma Redden*
Emma J. Redden (# 33501)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Telephone: (901) 577-8158
Facsimile: (901) 577-0882
*Attorneys for Petitioner*