FILED
05/11/2017
Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. DELCHON WEATHERSPOON

**Criminal Court for Shelby County**
**No. P-43279**

---

**No. W2017-00779-CCA-R8-CO**

---

### ORDER

This matter is before the Court upon the Defendant's motion for reduction of pretrial bail. *See* Tenn. R. App. 8; T.C.A. §40-11-144. The Defendant contends that the present bond amount of $200,000 violates his constitutional rights and should be reduced. The State has filed a response to the motion of the Defendant.

The Defendant is charged with Attempted First Degree Murder as a result of an incident in which the Defendant allegedly stabbed the victim multiple times. The General Sessions Court set the $200,000 bond amount. After a preliminary hearing in which probable cause was found to bind the Defendant over to the Grand Jury, the Defendant requested a reduction in the $200,000 bond. The General Sessions Court denied the request and the Defendant pursued a Petition for Writ of Certiorari to the Criminal Court. Following a hearing at the Criminal Court, the Criminal Court entered an Order denying the petition for writ of certiorari finding that the bond in the amount of $200,000 was appropriate pursuant to the factors in T.C.A. §40-11-118.

At the hearing on the petition for writ of certiorari, the Defendant did not present any witnesses or testimony on his behalf. The only proof presented by the Defendant was the introduction of three (3) exhibits: Exhibit 1 – a Uniform Affidavit of Indigence signed by the Defendant; Exhibit 2 – the General Sessions Court File; and Exhibit 3 – Pretrial Services Investigation Report.[1] The State presented testimony from Sergeant Daniel Cordero with the Domestic Violence Bureau of the Memphis Police Department.

---

[1] The Defendant did not include copies of Exhibit 1 or Exhibit 2 with the transcript filed contemporaneously with his motion. The failure to include these exhibits prevents this Court from reviewing the information or facts contained therein. However, there was a stipulation by the State that the Defendant was indigent and could afford to pay a bond of no more than $500.

Sergeant Cordero testified that he had investigated the underlying crime in this matter and had spoken to the Defendant who had confessed to the crime. According to the testimony of Sergeant Cordero, the Defendant admitted to stabbing the victim 10 to 13 times while chasing her down the street stabbing her over and over again. The Defendant admitted that prior to the attack he had been seeking a weapon to kill the victim and the father of the victim's child. In addition to the testimony of Sergeant Cordero there were pictures of the wounds of the victims presented that were not presented to this Court for review.

Both the United States and the Tennessee constitutions grant an individual the right to bail. U.S. Const. Amend. VIII; Tenn. Const. Art 1 § 1. In recognizing this constitutional right to bail, the Tennessee legislature had adopted statutes to guide the Courts in the setting of bail amounts for the dual purpose of reasonably assuring the appearance of the Defendant while at the same time protecting the safety of the public. Tenn. Code Ann. § 40-11-118(b). Furthermore, "in determining the amount of bond necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public," the trial courts shall consider the following factors in setting bail:

(1) The defendant's length of residence in the community;
(2) The defendant's employment status and history and the defendant's financial condition;
(3) The defendant's family ties and relationships;
(4) The defendant's reputation, character and mental condition;
(5) The defendant's prior criminal record and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings;
(6) The nature of the offense and the apparent probability of conviction and the likely sentence;
(7) The defendant's prior criminal record and the likelihood that because of such record the defendant will pose a risk of danger to the community;
(8) The identity of responsible members of the community who will vouch for the defendant's reliability; . . . ; and
(9) Any other factors indicating the defendant's ties to the community or bearing on the risk of the defendant's willful failure to appear.

T.C.A. § 40-11-118(b).

"The trial court has very wide latitude in setting bail." *State v. Melson*, 638 S.W.2d 342, 358 (Tenn. 1982). With this wide latitude, this Court reviews the actions of a trial court regarding a defendant's release under an abuse of discretion standard. *See, e.g.*, T.C.A. § 40-26-103.

In its Order denying the petition of the Defendant, the trial court considered the factors listed above from T.C.A. §40-11-118. The court specifically referenced the Defendant's length of residence in Shelby County, his employment status, family ties and lack of criminal record. In addition to those criteria, the court considered the "high probability of conviction and the likely sentence of 15 to 60 years." The Defendant bases his motion upon the argument that the bond in his case violates both the Tennessee and United States Constitutions by denying the Defendant his right to pretrial release solely due to his financial condition. The Defendant argues that he is too poor to afford the current bond as set by the Court and as such the bond is unconstitutional. In presenting said argument, the Defendant overlooks that the financial condition of the Defendant is only a part of one of the nine (9) criteria to be reviewed in a setting of bail.

A review of the bond of the Defendant in light of the conditions as set out in T.C.A. §40-11-118 indicates that the trial Court did not abuse its discretion in denying the petition for writ of certiorari. The written Order of the Court setting out the basis for the denial of the petition for writ of certiorari states a sufficient basis pursuant to T.C.A. §40-11-118.

IT IS HEREBY ORDERED that the Defendant's motion for reduction of pretrial bail is DENIED. As the Defendant appears to be indigent, costs of this appeal are taxed to the State.

PER CURIAM

JOHN EVERETT WILLIAMS, JUDGE
ALAN E. GLENN, JUDGE
CAMILLE R. MCMULLEN, JUDGE