IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DELCHON WEATHERSPOON, | ) ) ) | |
| Petitioner, | ) ) | No. 17-cv-2535-SHM-cgc |
| v. | ) ) | |
| BILL OLDHAM, SHELBY COUNTY SHERIFF, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER**

Before the Court is Petitioner Delchon Weatherspoon's Motion for Partial Reconsideration, filed on March 2, 2018. (ECF No. 33.) Respondent Sheriff Bill Oldham responded on March 14, 2018. (ECF No. 34.)

For the following reasons, Weatherspoon's Motion for Partial Reconsideration is DENIED.

**I.   Background**

Weatherspoon is charged with attempted first degree murder. He is alleged to have stabbed his girlfriend multiple times. (ECF No. 1-1 at 12, 15-16.)

The General Sessions Court for Shelby County, Tennessee, set Weatherspoon's bail at $200,000. (ECF No. 1-1.)

Weatherspoon sought to reduce his bail in the Criminal Court of Shelby County. (Id.) After a hearing, the Criminal Court decided the $200,000 bail was appropriate. (Id.) Weatherspoon ultimately sought review by the Tennessee Supreme Court. (ECF Nos. 1-3, 1-4.) His request for reduction of his pretrial bail was denied. (Id.)

On July 25, 2017, Weatherspoon filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "§ 2241 Petition"). (ECF No. 1.) His § 2241 Petition argued that the Criminal Court had failed to comply with the Equal Protection and Due Process Clauses of the United States Constitution when setting his bail. (ECF No. 1-7 at 481.) Weatherspoon contended that Due Process required the state court to consider indigency and the availability of a less restrictive non-monetary alternative condition or combination of conditions of release. (ECF No. 22 at 617.) He also contended that the state court must apply a clear and convincing evidence standard to determine whether Weatherspoon posed an immitigable risk of flight or danger to the community. (Id. at 616 (A court must "ma[k]e reviewable findings that clear and convincing evidence supports the conclusion that the detainee poses a risk of flight or danger to the community . . . .").)

On February 26, 2018, this Court entered an Order granting a conditional writ of habeas corpus, releasing Weatherspoon, unless the state trial court held a bail hearing comporting with Due Process, within 30 days of the issuance of the writ, to determine whether continued detention was justified. (ECF No. 31.) The Court decided that Due Process required the state court to consider indigency and the availability of a less restrictive non-monetary alternative condition or combination of conditions of release. (Id.) The Court concluded that, absent binding authority to the contrary, the state court was not required to apply a clear and convincing standard. (Id.)

On March 2, 2018, Weatherspoon filed his Motion for Partial Reconsideration, contending that the Court should reconsider whether the state court must apply a clear and convincing standard. (ECF No. 33-1 at 734.)

**II. Legal Standard**

Weatherspoon cites no authority for his Motion for Partial Reconsideration. The Federal Rules of Civil Procedure do not contemplate such motions, but the Sixth Circuit has held that a motion to reconsider may be properly treated as one to alter or amend a judgment under Rule 59(e). Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979).

A court may grant a motion to alter or amend a judgment under Rule 59(e) only if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." ACLU of Ky. v. McCreary Cnty., 607 F.3d 439, 450 (6th Cir. 2009) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). A Rule 59 motion cannot be used to reargue a case on the merits or to reargue issues already presented. Whitehead v. Bowen, 301 F. App'x 484, 489 (6th Cir. 2008) (citing Sault Ste Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)); Beltowski v. Bradshaw, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."); Saia v. Flying J, Inc., No. 15-CV-01045-STA-EGB, 2016 WL 3200298, at *4 (W.D. Tenn. June 8, 2016) ("Rule 59(e) does not permit Plaintiff to return to the standing issue with citations to new cases or additional legal arguments"), aff'd, No. 16-5853, 2017 WL 6398013 (6th Cir. July 11, 2017).

### III. Analysis

Weatherspoon does not argue that any factor under Rule 59 would justify reconsideration. He does not identify an

intervening change in controlling law or newly discovered evidence, nor does he demonstrate a manifest injustice or clear error of law.

Weatherspoon cites twelve cases he did not cite in his petition or reply brief.  (See ECF No. 33-1.)  The majority of those cases are not binding.[1]  The binding authorities turn on facts different from the facts in this case.  (See id. at 737-38 (citing Santosky v. Kramer, 455 U.S. 745 (1982) (addressing due process requirements for civil parental rights termination proceeding); Cruzan by Cruzan v. Dir., Missouri Dep't of Health, 497 U.S. 261 (1992) (addressing due process requirements for withdrawal of life-sustaining treatment for an incompetent person).)  Weatherspoon could have cited these authorities in his original argument, but did not.  He may not use his Rule 59 motion to reargue the case on the merits or to reargue issues already presented.

Weatherspoon argues that "no Supreme Court case to consider the required standard of proof under the Due Process Clause has held that a deprivation of bodily liberty can be

---

[1] The nonbinding cases are also distinguishable.  For example, Weatherspoon cites In re Humphrey, which held that a clear and convincing standard is appropriate when determining whether no less restrictive alternative will ensure defendant's future court appearances.  19 Cal. App. 5th 1006, 228 Cal. Rptr. 3d 513 (Ct. App. 2018).  In re Humphrey relied on the California constitution, which requires that courts apply a clear and convincing evidence standard when determining bail for felony offenses involving acts of violence.  Cal. Cont. Art. 1, § 12(b).  Tennessee law does not.

made if it is supported by a mere preponderance of the evidence." (ECF No. 33-1 at 734.)  He cites no Supreme Court case holding that a state court's denial of bail must be based on clear and convincing evidence.  Clear error exists "when the reviewing court is left with the definite and firm conviction that a mistake has been committed."  Max Trucking, LLC v. Liberty Mut. Ins. Corp., 802 F.3d 793, 810 (6th Cir. 2015) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).  Because neither the Supreme Court nor the Sixth Circuit has addressed the required standard of proof when setting bail in state criminal proceedings, the Court did not clearly err in determining that a preponderance of the evidence standard does not violate Due Process.

Weatherspoon has failed to establish that any factor under Rule 59 justifies reconsideration.  His Motion for Partial Reconsideration is DENIED.

**IV. Conclusion**

For the foregoing reasons, Weatherspoon's Motion for Partial Reconsideration is DENIED.

So ordered this 19th day of April, 2018.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE