IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DELCHON WEATHERSPOON, | ) |
| | ) |
| Petitioner, | ) |
| | )   No. 17-cv-2535-SHM-cgc |
| v. | ) |
| | ) |
| BILL OLDHAM, SHELBY COUNTY SHERIFF, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Before the Court is Petitioner Delchon Weatherspoon's Emergency Motion for Compliance with Conditional Writ, filed on March 29, 2018 ("Emergency Motion"). (ECF No. 36.) Respondent Sheriff Bill Oldham of Shelby County responded on April 23, 2018. (ECF No. 41.) Weatherspoon replied on April 30, 2018. (ECF No. 42-1.)

For the following reasons, Weatherspoon's Emergency Motion and his § 2241 Petition are DENIED.

## I.   Background

On July 25, 2017, Weatherspoon filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "§ 2241 Petition"). (ECF No. 1.) His § 2241 Petition argued that the

Shelby County Criminal Court (the "state court") had failed to comply with the Equal Protection and Due Process Clauses of the United States Constitution when setting his bail at $200,000. (ECF No. 1-7 at 481.)  Weatherspoon contended that Due Process required the state court to consider indigency and the availability of a less restrictive non-monetary alternative condition or combination of conditions of release.  (ECF No. 22 at 617.)

On February 26, 2018, this Court entered an Order granting a conditional writ of habeas corpus, releasing Weatherspoon, unless the state court held a bail hearing comporting with Due Process, within 30 days of the issuance of the writ, to determine whether continued detention was justified.  (ECF No. 31.)  The Court decided that Due Process required the state court to consider indigency and the availability of a less restrictive non-monetary alternative condition or combination of conditions of release.  (Id.)

On March 2, 2018, Weatherspoon filed his Motion for Partial Reconsideration, contending that the Court should reconsider whether the state court must apply a clear and convincing standard.  (ECF No. 33-1 at 734.)  The Court denied that motion on April 19, 2018, holding the state court may apply a preponderance of the evidence standard. (ECF No. 40.)

2

On March 22, 2018, the state court held a hearing.  (Mar. 22, 2018 Hr'g Tr., ECF No. 39-1.)  The state court reduced Weatherspoon's bail to $100,000 and ordered "GPS monitoring if Mr. Weatherspoon is able to post that bond."  (Id. at 866.)

In his Emergency Motion, Weatherspoon argues that "[t]he [state court] did not find that no combination of non-monetary conditions of release was sufficient reasonably to ensure Mr. Weatherspoon's presence at trial and the safety of the community."  (ECF No. 36 at 754.)  Weatherspoon contends that, by reducing the monetary bail from $200,000 to $100,000, the state court "necessarily concluded that [Weatherspoon's] release did *not* pose an immitigable risk to the community[.]" (Id. at 755 (emphasis in original).)  Weatherspoon argues that he is entitled to release because the state court failed to comply with this Court's conditional writ.  (Id.)

Respondent argues that this Court lacks authority to decide Weatherspoon's Emergency Motion because Weatherspoon has not exhausted his state remedies and that the state court's March 22, 2018 Hearing comported with Due Process.  (ECF No. 41 at 879.)  Respondent contends that "[i]mplicit in the [state] court's ruling . . . was a finding that there were no non-monetary conditions of release that could ensure

[Weatherspoon's] appearance at trial and ensure the safety of the public." (Id. at 885.)

Weatherspoon's reply argues that this Court retains jurisdiction over conditional writs of habeas corpus and that "the [state] court could not have simultaneously complied with this Court's writ and lowered Petitioner's money bail to an amount still beyond his means." (ECF No. 44 at 906-09.) Weatherspoon contends that the post-bail GPS monitoring requirement "confirm[s] that [Weatherspoon] can be safely released" and that "if he had the money to pay, a condition such as GPS monitoring would be sufficient to serve the purposes of bail." (Id. at 909.)

## II.  Jurisdiction & Standard of Review

A "[']district court retain[s] jurisdiction to enforce its conditional grant of a writ of habeas corpus.'" D'Ambrosio v. Bagley, 656 F.3d 379, 385 (6th Cir. 2011) (quoting Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006)). This Court retains jurisdiction. Further exhaustion of Weatherspoon's state remedies is unnecessary.

"[']A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner.'" Gentry, 456 F.3d at

4

692 (quoting <u>Satterlee v. Wolfenbarger</u>, No. 03-71682-DT, 2005
WL 2704877, at *2 (E.D. Mich. Oct. 19, 2005), <u>aff'd in part</u>,
453 F.3d 362 (6th Cir. 2006)).

**III. Analysis**

This Court's February 26, 2018 Order held that, when a
defendant is indigent, Due Process requires that "the state
court properly consider[] non-monetary conditions of release,
and determine[] whether no non-monetary condition or
combination of conditions of release [are] adequate, <u>before</u>
setting a bail amount." (ECF No. 31 at 722-23 (emphasis
added).)

The March 22, 2018 hearing complied with Due Process.
After hearing proof, the state court judge addressed "the
specific factors:"[1] "length of residence in the community,"
"[e]mployment status and history, financial conditions,"[2]
"family ties, relationship," "reputation, character and mental
condition," "prior criminal record," "[n]ature of the offense
and the apparent probability of conviction or likely sentence,"
and "[a]ny other factor indicating the defendant's ties to the

---

[1] The addressed factors track those in Tenn. Code Ann. §§ 40-11-115
and 40-11-118.

[2] The state court recognized Weatherspoon's indigent status, referring
to Weatherspoon's Affidavit of Indigency and his statement that "he can
afford to pay a bond in the amount of $1000." (<u>Id.</u> at 863, 866.) The
state court also recognized that there was insufficient evidence that
Weatherspoon was able to post bond. (<u>Id.</u>)

community or bearing on the risk of a willful failure to appear." (Mar. 22, 2018 Hr'g Tr., ECF No. 39-1 at 862-66.) Balancing those factors, the state court found that release on recognizance was inappropriate in this case. (Id. at 865.) It then decided to "reduce the bond to $100,000, [and] require GPS monitoring if Mr. Weatherspoon is able to post that bond." (Id. at 866.)

The State made the following statement after the judge's decision:

> And, Judge, just to clarify, there's no combination of pretrial release factors that the Court could find that would be sufficient. You do feel like a monetary bond with a GPS factor -- a GPS monitor would be appropriate in this case. But there's nothing under 40-11-117 that you would find would be sufficient as conditions of some sort of [release on recognizance] and then additional conditions.

(Mar. 22, 2018 Hr'g Tr., ECF No. 39-1 at 866-67.) The judge responded by saying, "Thank you for articulating that clearly." (Id. at 867.)

The judge concluded by stating:

> So I mean I'm trying to work with Defense as well as I think I can, but I -- I am not convinced that there are options available to this Court to assure the safety of the victim as well as the perhaps targeted second victim. And I just -- I can't do any better than that. $100,000 and GPS monitoring.

(Mar. 22, 2018 Hr'g Tr., ECF No. 39-1 at 869.)

The state court "properly consider[ed] non-monetary conditions of release, and determine[ed] whether no non-monetary condition or combination of conditions of release [were] adequate, <u>before</u> setting a bail amount." (ECF No. 31 at 722-23 (emphasis added).)

The $100,000 bond functions as a detention order.

> [R]equiring money bail as a condition of release at an amount impossible for the defendant to pay is equivalent to a detention order, which is only appropriate when the state shows and the court finds that no condition or combination of conditions of release could satisfy the purposes of bail, to assure the defendant's appearance at trial or hearing and the safety of the public.

(ECF No. 31 at 719 (collecting cases).)  Because Weatherspoon is indigent, the $100,000 bail is equivalent to a detention order.

Before setting bail, the state court found that no condition or combination of conditions of release could satisfy the purposes of bail.  (<u>See</u> Mar. 22, 2018 Hr'g Tr., ECF No. 39-1 at 866-67, 869.)  The state court considered indigency and availability of less restrictive non-monetary alternatives. Responding to counsel, the state court found that no combination of pretrial release conditions would be sufficient. The state court specifically found that it had no other options

to assure the safety of the victim and a potential second
victim.

There is no formulaic recitation that conveys the absence
of any condition or combination of conditions of release that
could assure the safety of the public.  The state court set
bail at an amount beyond Weatherspoon's financial means because
it "was not convinced that there are options available to [it]
to assure the safety of the victim as well as the perhaps
targeted second victim." (Id. at 869.)  After an extended
consideration of Weatherspoon's requests for conditions of
release, the state court decided that effective detention was
appropriate.  (See Mar. 22, 2018 Hr'g Tr., ECF No. 39-1 at 866-
67, 869.)  The state court's reasoning sufficiently conveys
that no condition or combination of conditions of release could
satisfy the purposes of bail.

The state court imposed GPS monitoring in the event that
Weatherspoon could post bail.  That post-bail condition does
not nullify the state court's finding that no non-monetary
condition or combination of conditions of release would be
adequate.

The state court's March 22, 2018 Hearing comported with
Due Process.  Weatherspoon's Emergency Motion is DENIED.
Because the state court has complied with the requirements of

8

this Court's conditional writ of habeas corpus, Weatherspoon's § 2241 Petition is DENIED.

**IV.  Conclusion**

For the foregoing reasons, Weatherspoon's Emergency Motion and his § 2241 Petition are DENIED.

So ordered this 1st day of May, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE